UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SNOHOMISH COUNTY PUBLIC HOSPITAL DISTRICT 2,<br><br>Plaintiff,<br><br>v.<br><br>SHATTUCK HAMMOND PARTNERS LLC, et al.,<br><br>Defendants. | CASE NO. 2:10-CV-01935-MJP<br><br>ORDER ON MOTION TO REMAND |

This matter comes before the Court on Plaintiff's motion to remand. (Dkt. No. 7.) Having reviewed the motion, the response (Dkt. No. 9), the reply (Dkt. No. 10), and all related papers, the Court DENIES Plaintiff's motion.

**Background**

Plaintiff Snohomish County Public Hospital District 2 is a Washington municipal corporation. (Compl. at ¶ 2.1.) Plaintiff owned and operated Stevens Hospital in Edmonds, Washington, until September 1, 2010. (Id.) Plaintiff engaged Defendant Shattuck Hammond Partners to provide financial advice and investment services. (Id. at ¶¶ 2.3, 4.1.)

ORDER ON MOTION TO REMAND- 1

1  Defendant outlined the terms of service to be provided, and the parties' obligations to
2  each other, in an agreement ("Agreement") dated October 27, 2007. (Id. at ¶ 4.1.) The
3  Agreement provided for two phases of service—roughly, planning and execution—with separate
4  fees for each. (Id. at ¶ 4.2.) The provisions of Phase I are not disputed. (Id. at ¶ 4.3.) A forum
5  selection clause ("Forum Clause") gives exclusive jurisdiction to the federal or state courts of
6  New York all over disputes arising out of the Agreement. (Dkt. No. 8 at 20.)

7  Plaintiff leased Stevens Hospital to Swedish Health Services in September, 2010.
8  (Compl. at ¶ 2.1.) Defendant claims Plaintiff entered this lease under Phase II of the Agreement,
9  while Plaintiff contends it did so independently. (Id. at ¶ 4.10.) Defendant asserts it is due
10 $5,061,000 in fees because of its assistance in securing the lease. (Id. at ¶ 4.10.) Seeking to
11 avoid paying those fees, Plaintiff filed suit in Snohomish County Superior Court, Case No. 10-2-
12 08871-5. It sought declaration that Defendant could not collect further fees under the
13 Agreement, and that Washington statute rendered the Forum Clause void or inoperative. (Id. at
14 ¶¶ 5.1–5.8.) Defendant removed the case under 28 U.S.C. §§ 1332, 1441 on November 30,
15 2010. (Dkt. No. 1.) Plaintiff now seeks remand.

16  **Analysis**

17  Plaintiff seeks remand or stay solely on abstention principles. (Pltf's Mot. to Remand at
18 4 n.4.) Abstention is an "extraordinary and narrow" exception to a federal court's "strict duty to
19 exercise the jurisdiction that is conferred on them by Congress." Quackenbush v. Allstate Ins.
20 Co., 517 U.S. 706, 716, 728 (1996). Louisiana Power & Light Co. v. City of Thibodaux carves
21 out one such exception. 360 U.S. 25, 28 (1959). Thibodaux allows abstention in cases
22 presenting "difficult questions of state law bearing on policy problems of substantial public
23 import whose importance transcends the result in the case then at bar." Colorado River Water
24

Conservation District v. United States, 424 U.S. 800, 816 (1976). Under the "difficult question" requirement, "abstention . . . is inappropriate when the state court from which the case was removed is in no better position to protect the state interests arguably impaired by the exercise of federal jurisdiction." Hawthorne Sav. F.S.B. v. Reliance Ins. Co., 421 F.3d 835, 846 (9th Cir. 2005). Under the "results transcending the case" requirement, answering the question of law must affect important state policy. See Colorado River at 814.

Plaintiff argues for abstention based on law governing a Washington public hospital district's amenability to suit, and concerning payments connected to real estate transactions. Thibodaux is unwarranted under either of the state law issues raised.

A.    Venue for Suits Against Public Hospital Districts

Plaintiff seeks a declaration that the Forum Clause does not supersede RCW 70.44.060(8) or bar the current suit. As applied here the statute fails to present a difficult question of state law or threaten results transcending the current case.

1.    No difficult question of state law

RCW 70.44.060(8) is a simple venue statute that presents no difficult questions of state law. It provides "[t]hat all suits against the public hospital district shall be brought in the county in which the public hospital district is located." RCW 70.44.060(8). In Washington, "[i]f a statute is plain and unambiguous, its meaning must be derived from the wording of the statute itself." Shoop v. Kittitas County, 149 Wn.2d 29 (2003). The statute's language unambiguously requires hospital districts to be sued in their home county.

In Shoop, the Court interpreted a similar statute limiting in which court a county could be sued. Id. at 37. The Court held the statute limited venue not jurisdiction. Id. at 37–38. The holding rested on a provision of the state constitution conferring general jurisdiction to the

superior courts. Id. at 37 (quoting Wash. Const. art. IV, § 6). The Court held the provision precluded "any subject matter restrictions as among superior courts." Shoop at 37. Accordingly, the Court held that statute limited only venue. Id. Because the same reasoning applies equally to RCW 70.44.060(8), interpreting the statue presents no difficult question of state law.

### 2. No interpretation would transcend this case

Applying RCW 70.44.060(8) in this case would have little effect beyond the parties. Because district courts' decisions have no precedential effect on state court, federal interpretation of a contract has little effect beyond the parties to the contract. See Polygon Ins. Co. v. Honeywell Int'l, Inc., 143 F. Supp. 2d 211, 215 (D. Conn. 2001). In Polygon, the court declined to remand a contractual dispute on Thibodaux principles. Even though state authority was conflicted on the definition of "commercial loss," the court reasoned that its interpretation would have no impact on the rights of parties other than those involved. Id. Further, it held that any decision by it "will not prevent the Connecticut supreme court, or any other Connecticut court, from arriving at a contrary construction." Id.

Here, potential outcomes for Plaintiff's claims include the Forum Clause waiving RCW 70.44.060(8)'s protection, holding that the statute supersedes the Agreement, or even that conflict with the statute renders the Agreement void as ultra vires. As with the contractual dispute in Polygon, none of these results would have any effect on parties or determinations outside this case. Because it meets neither of Thibodaux's requirements, issues raised by the Forum Clause and RCW 70.44.060(8) fail to justify abstention.

B. Real Estate Transactions Fees

Plaintiff seeks a declaration that RCW 18.85.331 bars Defendant from seeking fees under the Agreement. RCW 18.85.331 allows only licensed real-estate agents to bring suit to collect

1  fees for real estate transactions. Whether the lease to Swedish Health Services qualifies as a real
2  estate transaction under the statute is unsettled under state law, but Plaintiff advances no
3  argument meeting <u>Thibodaux</u>'s second requirement of importance "transcending the case at bar."
4      <u>Thibodaux</u> abstention is generally justified by disputes of law "intimately involved with
5  sovereign prerogative." <u>Thibodaux</u> at 28. Here, the real estate fee issue raised under RCW
6  18.85.331 does not implicate any such rights, or any broader state policy. Plaintiff has not
7  shown how this Court's interpretation "would have any broader impact than the individual,
8  inconsistent decisions already rendered by the state trial courts in connection with this subject."
9  143 F. Supp. 2d at 215. Because it does not implicate the state interests <u>Thibodaux</u> protects, this
10 issue also fails to justify abstention.

## Conclusion

12     Plaintiff's motion for remand or stay is DENIED because the issues raised do not meet
13 the requirements of the <u>Thibodaux</u> abstention doctrine. Resolving the questions of state law
14 present no difficulty or would have little effect beyond this case.
15     The clerk is ordered to provide copies of this order to all counsel.
16     Dated this 1st day of February, 2011.

Marsha J. Pechman
United States District Judge